SAUNDERS v. LAMBERT.

4-7695                                                      188 S. W. 2d 633

Opinion delivered July 2, 1945.

*Floyd Terral,* for appellant.

*U. A. Gentry,* for appellee.

SMITH, J. This is the second appeal in this case, and the facts out of which the litigation arose are stated in the former opinion, *Lambert* v. *Saunders,* 205 Ark. 717, 170 S. W. 2d 375. The undisputed testimony is to the effect that an automobile belonging to the plaintiff, Lambert, was properly parked in front of the post office on Front street in the city of Conway, when it was struck by a truck driven by one Robinson, an employee of the defendant, Saunders, and the question in the case was, and is, whether this action of Robinson was caused and excused by the conduct of one Hatfield, who was driving his automobile south on Front street, in front of the truck, both of which vehicles were traveling in the same direction. It is certain that the negligence of Robinson, or of Hatfield, or their concurring negligence caused the injury to Lambert's car. The testimony is sufficient to have sustained a recovery against both the defendant, Saunders, and Hatfield, but Saunders only was sued. Lambert had the right to sue either or both, and may recover from Saunders if the negligence of Robinson, his driver, caused or contributed to the injury, which would not have occurred but for Robinson's negligence.

Saunders defended upon the ground that the collision between his truck and Lambert's car was caused by the action of Hatfield in turning suddenly and without warning to the left, for the purpose of parking his car by the side of Lambert's, in front of the post office, thereby rendering it inevitable and unavoidable that the truck would strike Hatfield's car. In this emergency, created suddenly and without warning, Robinson testified that he "jerked" his truck to the left to avoid a collision, but in so doing turned far enough to the left to strike Lambert's car, and other cars parked in front of the post office.

Instructions were given at both trials to the effect that if without negligence on the part of Robinson, a situation arose through the negligence of Hatfield, which caused Robinson to do an act which occasioned the injury, there would be no liability against Saunders.

An instruction upon this issue given at the former trial was No. 8, which was predicated upon the hypothesis that "Hatfield suddenly and without warning undertook to turn his car to the left *and completely across the street* immediately in front of defendant's (Saunders') truck." The opinion italicized the words "and completely across the street" and the inclusion of these italicized words was held to render the instruction erroneous for the reason stated that "we agree with appellant that, if substance of instruction No. 8 had a function to perform in guiding the jury, it should have been free of factual inaccuracy, or at least unambiguous."

At the first trial there was a verdict and judgment against the plaintiff, Lambert, in favor of the defendant, Saunders, while at the trial from which is this appeal, there was a verdict in favor of Lambert against Saunders.

For the reversal of this judgment it is now insisted that, if it is the law, as the jury was instructed at both trials, that Saunders was not liable if Robinson while driving the truck in a careful manner and without negligence on his part, acted in an emergency which did not arise out of his negligence, there was no liability for an

injury arising out of that action, and a verdict should have been directed in Saunders' favor. But this is not true for the reason that the jury might have found from the testimony that Robinson was driving at a speed which, under the circumstances, constituted negligence, and that but for this excessive speed, he might have driven the truck between Hatfield's car and that of Lambert, inasmuch as Hatfield testified that before starting to turn to the left, although he had given no signal of his intention to do so, he had stopped his car, and it was not in motion when the collision occurred; Robinson's truck striking both Lambert's car and that of Hatfield and other cars parked in front of the post office.

At the first trial instruction No. 3 and instruction No. 4 were requested and given, which told the jury that the doctrine of *res ipsa loquitur* did not apply. It was thought unnecessary to discuss these instructions 3 and 4, and they were neither approved nor disapproved, but at the trial from which is this appeal the question *res ipsa loquitur* was injected in the case in an instruction numbered 3 given at the request of the plaintiff, Lambert, which reads as follows:

"You are instructed that where an accident or injury is shown to be such that in the ordinary course of events it would not have occurred had the person in charge of the motor vehicle used proper care, proof of the happening of the accident under such circumstances is presumptive evidence of negligence on the part of the driver or operator and makes a *prima facie* case of negligence and shifts the burden to the defendant to prove it was not caused by want of care on his part."

The briefs of opposing counsel are devoted largely to this instruction, and through industry and investigation of the opposing counsel many cases have been cited. A very recent textbook on the subject has been written by Mark Shain, entitled, "*Res Ipsa Loquitur,* Presumptions and Burden of Proof," which may be examined by anyone desiring to make an exhaustive investigation. A

vast number of cases are cited and distinguished in the scholarly text. We are cited also to an article on the subject in the Law School Bulletin of the University of Arkansas, written by the dean of that institution, and one of the law students which discusses a large number of our own cases on the subject and summarizes our cases with the statement that, ''but in no event will the doctrine ever be applied if the facts proved, the circumstances of the injury, do not have a substantial probative tendency to establish that the plaintiff's injury was caused by the negligence of the defendant and not by anything else.''

We think this statement correctly applies the hold ings of this court on the subject, and we, therefore, con- clude that the instruction numbered 3 was error as the doctrine has no application to the facts of this case. The facts are known and have been fully developed, although the testimony in regard thereto is conflicting. It is true that the fact is undisputed that the damage to Lambert's car was caused by the collision with the truck driven by Robinson, but the testimony is sharply conflicting as to how and why the collision occurred, and as to whose negligence caused the collision.

According to the testimony of Robinson he was guilty of no negligence. He was driving his car with due care when, without warning, an emergency arose as a result of Hatfield turning his car suddenly and without warning. Other testimony was to the effect that Robin- son was negligent in that he was driving too fast under the circumstances, and that otherwise he could have driven his truck between Hatfield's car and the cars parked in front of the post office.

Now, if the jury finds that Robinson was negligent in that respect, his employer is responsible for the neg- ligence, notwithstanding the fact that Hatfield may also have been negligent, in which case Lambert might have sued both Robinson's employer and Hatfield. This ques- tion of fact renders the doctrine of *res ipsa loquitur* in- applicable, if it were otherwise applicable.

For the error in giving instruction No. 3 the judgment must be reversed, and the cause is remanded for a new trial.

ROBINS, J., disqualified and not participating.